UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. SPEED,<br><br>   Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>   Defendant. | Case No. CV 08-1969 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I. SUMMARY

On March 27, 2008, plaintiff Donald R. Speed ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; March 28, 2008 Case Management Order, ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum and Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 30, 2004, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 17, 112, 187-88). Plaintiff asserted that he became disabled on January 1, 2002, due to body pain, depression and acid reflux. (AR 240).

On March 23, 2007, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled through the date of the decision. (AR 17-24). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: cervical radiculopathy, back pain, hypertension, post traumatic stress disorder secondary to serving in Vietnam, and depression (AR 19); (2) plaintiff's impairment or combination of impairments did not meet or medically equal a listed impairments (AR 20); (3) plaintiff could perform medium work (AR 21);[1] (4) plaintiff could not perform his past relevant work (AR 23); and (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically a packer. (AR 24).

The Appeals Council denied plaintiff's application for review. (AR 7-10).

///
///

---

[1] Specifically, the ALJ determined that plaintiff: (i) could lift and carry fifty pounds occasionally, and twenty-five pounds frequently; (ii) could stand and walk for four hours in an eight hour workday with normal breaks; (iii) could sit without limit; (iv) could walk on uneven terrain, climb ladders and work at heights on an occasional basis; (v) could occasionally perform bending, stooping, kneeling, crouching and crawling; (vi) should avoid working with heavy or moving machinery; (vii) could adequately focus attention, follow one to two part instructions, adequately remember and complete simple tasks, tolerate stress inherent in the work environment, maintain regular attendance and work without supervision. (AR 21).

2

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work?[2] If so, the claimant is not disabled. If not, proceed to step five.

---

[2] Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. § 416.945(a).

3

|   |   |   |
|---|---|---|
| 1 | (5) | Does the claimant's residual functional capacity, when |
| 2 |   | considered with the claimant's age, education, and work |
| 3 |   | experience, allow him to adjust to other work that exists in |
| 4 |   | significant numbers in the national economy?  If so, the |
| 5 |   | claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience.  Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).  The Commissioner may satisfy this burden, depending upon the circumstances, by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).

The vocational expert's testimony may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record.  See Tackett, 180 F.3d at 1101; see also Robbins, 466 F.3d at 886 (finding material error where the ALJ posed an incomplete hypothetical question

to the vocational expert which ignored improperly-disregarded testimony suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. § 416.966(d)(1) (DOT is source of reliable job information). The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 00-4p).[3] If a conflict exists, "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." See Massachi, 46 F.3d at 1153; see also SSR 00-4p. In order for an ALJ to accept vocational expert testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997) (citations omitted).

---

[3]Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi, 486 F.3d at 1152 n.6.

5

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV.   DISCUSSION

Plaintiff contends that the ALJ erroneously relied upon the testimony of the vocational expert, which deviated from the DOT, without any explanation for such deviation. (Plaintiff's Motion at 3-8). This Court agrees, at least in part.

**A.    Pertinent Facts**

As noted above, the ALJ determined that plaintiff could occasionally perform stooping, could adequately focus attention, could follow one to two part instructions, and could adequately remember and complete simple tasks. (AR 21).

A vocational expert testified that a person with the residual functional capacity assessed by the ALJ could perform the occupation of an agricultural produce packer (DOT § 920.687-134). (AR 65-66). However, the vocational

6

1  expert reduced the number of available positions by fifty percent because "not all
2  packers have the opportunity to alternate [shift positions], but a good portion of
3  them do." (AR 66-67). After the reduction, the vocational expert indicated that
4  there would be 3,100 local positions and 17,000 national positions. (AR 66).
5       The ALJ asked the vocational expert whether, other than as noted above, her
6  testimony was consistent with the DOT. (AR 66-68). As the ALJ expressly noted
7  in his decision, the vocational expert responded in the affirmative. (AR 24, 68).
8       **B.   Analysis**
9       Plaintiff contends that the ALJ erroneously adopted the opinion of the
10 vocational expert because such expert's testimony that a person with plaintiff's
11 residual functional capacity could work as an agricultural produce packer was
12 inconsistent with the DOT in unexplained respects.
13      First, plaintiff notes that although the ALJ determined that plaintiff was
14 limited to jobs with only *occasional* stooping, the job of agricultural produce
15 packer, as defined by the DOT, requires *frequent* stooping. The vocational expert
16 did not bring this inconsistency between plaintiff's residual capacity and the
17 DOT's description of the job of agricultural produce packer to the attention of the
18 ALJ. Nor does the record reflect that the ALJ (or the vocational expert)
19 recognized that there was such inconsistency. In light of the foregoing, the record,
20 not surprisingly, contains no evidence or discussion to support the deviation. This
21 constitutes error.
22      Defendant essentially argues that such error was harmless because the
23 vocational expert expressly stated that the job identified was one example of an
24 available job and because there are other available jobs that require no more than
25 occasional stooping and are otherwise consistent with plaintiff's limitations.
26 (Defendant's Motion at 5 n.1). While defendant may well be correct, the Court
27 cannot find the ALJ's error to be harmless on this record. The one job the
28 vocational expert expressly identified calls for more stooping than plaintiff can

7

perform. There is no evidence that any other job plaintiff could perform exists in significant numbers in the national economy. Accordingly, a remand is appropriate to allow the ALJ to address (probably through additional testimony of a vocational expert), whether there are jobs, consistent with plaintiff's residual functional capacity, that plaintiff could perform that exist in significant numbers in the national economy.

Second, plaintiff contends that the reasoning level required for the job of agricultural produce packer (level 2) exceeds plaintiff's reasoning capacity, as determined by the ALJ and as incorporated into the hypothetical question posed to the vocational expert. Therefore, plaintiff argues, the vocational expert's opinion that plaintiff could perform the job of a packer is an unexplained deviation from the DOT. The Court need not, and has not adjudicated this claim, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. Nonetheless, the ALJ may wish to clarify on remand, the reasoning level(s) compatible with plaintiff's residual functional capacity.

## V.    CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Memorandum Opinion and Order of Remand.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 27, 2009

> /s/
> Honorable Jacqueline Chooljian
> UNITED STATES MAGISTRATE JUDGE

---

[4] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).